## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELWARE

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 1:12-cv-00525 (LPS) |
| | ) |
| KONTERA TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

Defendant Kontera Technologies, Inc. ("Kontera") answers and responds to each of the

allegations of plaintiff General Electric Company ("GE") as follows:

## THE PARTIES

1.      GE is a corporation that is organized and existing under the laws of the State of

New York, with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828.

### ANSWER TO PARAGRAPH 1:

Kontera lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph No. 1, and on that basis denies those allegations.

2.      GE is the assignee and owner of U.S. Patent Nos. 6,092,074 and 6,581,065, each

entitled "Dynamic Insertion And Updating Of Hypertext Links For Internet Servers"

(collectively, "the Patents-In-Suit").

### ANSWER TO PARAGRAPH 2:

Kontera lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph No. 2, and on that basis denies those allegations.

3.      Defendant Kontera is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1550 Bryant Street, Suite 975, San Francisco, CA 94103.

**ANSWER TO PARAGRAPH 3:**

Kontera admits the allegations of Paragraph No. 3.

**JURISDICTION**

4.      This action arises under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER TO PARAGRAPH 4:**

Paragraph No. 4 contains legal conclusions to which no answer is required.  To the extent an answer is required, Kontera admits that the Complaint purports to allege an action arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq.* and further alleges that the Court has subject matter jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Kontera denies the remaining allegations of Paragraph No. 4.

5.      The Court has personal jurisdiction over Kontera as it is incorporated in the State of Delaware. As a Delaware corporation, Kontera maintains systematic and continuous contacts with this judicial district and avails itself of the protections afforded by the laws of the State in which this Court sits. Moreover, on information and belief, Kontera transacts business within this district and derives substantial revenues from sales with other entities based in this district.

**ANSWER TO PARAGRAPH 5:**

Paragraph No. 5 contains legal conclusions to which no answer is required.  To the extent an answer is required, Kontera admits that it is incorporated in the State of Delaware and that it has conducted business within this district.  Except as expressly admitted, Kontera denies the remaining allegations of Paragraph No. 5.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**ANSWER TO PARAGRAPH 6:**

Paragraph No. 6 contains legal conclusions to which no answer is required.  To the extent an answer is required, Kontera does not dispute venue for this action only.

## FACTUAL ALLEGATIONS

7.      On July 18, 2000, the United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 6,092,074 ("074 patent"), entitled "Dynamic Insertion And Updating Of Hypertext Links For Internet Servers." GE owns all rights, title and interest to the `074 patent. A true and correct copy of the '074 patent is attached hereto as Exhibit A.

**ANSWER TO PARAGRAPH 7:**

Kontera admits that the '074 patent is entitled "Dynamic Insertion and Updating of Hypertext Links for Internet Servers" and lists an issue date of July 18, 2000.  Kontera lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 7, and on that basis denies those allegations.

8.      On June 17, 2003, the USPTO duly issued U.S. Patent No. 6,581,065 ("065 patent"), entitled "Dynamic Insertion And Updating Of Hypertext Links For Internet Servers."

GE owns all rights, title and interest to the '065 patent. A true and correct copy of the '065 patent is attached hereto as Exhibit B.

**ANSWER TO PARAGRAPH 8:**

Kontera admits that the '065 patent is entitled "Dynamic Insertion and Updating of Hypertext Links for Internet Servers" and lists an issue date of June 17, 2003.  Kontera lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 8, and on that basis denies those allegations.

9.      Upon information and belief, Kontera launched ContentLink in the United States no later than April 25, 2006 as its first In-Text advertising solution, which utilized a system to automatically find contextually relevant keywords on a publisher's web page and dynamically match them to hyperlinked advertisements in real-time.  Since then, Kontera has continued to make such a system available in the United States and has used it as the basis for developing various other products, such as ContentLink Rich Media, ContentLink Local, Kontera Hybrid, and its current In-Text Advertising Solution.

**ANSWER TO PARAGRAPH 9:**

Kontera admits that it launched ContentLink™ on April 25, 2006.  Except as expressly admitted, Kontera denies the remaining allegations of Paragraph No. 9.

### COUNT I: KONTERA'S INFRINGEMENT OF THE '074 PATENT

10.      Plaintiff realleges paragraphs 1-9 as if fully set forth herein.

**ANSWER TO PARAGRAPH 10:**

Kontera incorporates by reference each of the answers in Paragraphs Nos. 1-9 above as if fully set forth herein.

11.     Kontera has infringed and is infringing the '074 patent in violation of 35 U.S.C. §271 by its manufacture, use, sale, importation, and/or offer for sale of its In-Text products and services, such as ContentLink, ContentLink Rich Media, ContentLink Local, Kontera Hybrid, and/or its current In-Text Online Advertising Solution, and by its contributing to and/or inducement of others to manufacture, use, sell, import, and/or offer for sale products and services infringing the '074 patent.

**ANSWER TO PARAGRAPH 11:**

Kontera denies the allegations of Paragraph No. 11.

12.     Kontera's acts of infringement have caused damage to GE, and GE is entitled to recover from Kontera the damages it sustained as a result of Kontera's wrongful acts in an amount that adequately compensates GE for Kontera's infringement of the '074 patent under 35 U.S.C. §284.

**ANSWER TO PARAGRAPH 12:**

Kontera denies the allegations of Paragraph No. 12.

13.     Kontera has been aware of the '074 patent, has knowledge of the infringing nature of its activities, and has nevertheless continued its infringing activities, which have been and continue to be willful and deliberate.

**ANSWER TO PARAGRAPH 13:**

Kontera denies the allegations of Paragraph No. 13.

**COUNT II: CONTERA'S INFRINGEMENT OF THE '065 PATENT**

14.     Plaintiff realleges paragraphs 1-9, 11-13 as if fully set forth herein.

**ANSWER TO PARAGRAPH 14:**

Kontera incorporates by reference each of the answers in Paragraphs Nos. 1-9 and 11-13 above as if fully set forth herein.

15.     Kontera has infringed and is infringing the '065 patent in violation of 35 U.S.C. §271 by its manufacture, use, sale, importation, and/or offer for sale of its In-Text products and services, such as ContentLink, ContentLink Rich Media, ContentLink Local, Kontera Hybrid, and/or its current In-Text Online Advertising Solution, and by its contributing to and/or inducement of others to manufacture, use, sell, import, and/or offer for sale products and services infringing the '065 patent.

**ANSWER TO PARAGRAPH 15:**

Kontera denies the allegations of Paragraph No. 15.

16.     Kontera's acts of infringement have caused damage to GE, and GE is entitled to recover from Kontera the damages it sustained as a result of Kontera's wrongful acts in an amount that adequately compensates GE for Kontera's infringement of the '065 patent under 35 U.S.C. §284.

**ANSWER TO PARAGRAPH 16:**

Kontera denies the allegations of Paragraph No. 16.

17.     Kontera has been aware of the '065 patent, has knowledge of the infringing nature of its activities, and has nevertheless continued its infringing activities, which have been and continue to be willful and deliberate.

**ANSWER TO PARAGRAPH 17:**

Kontera denies the allegations of Paragraph No. 17.

6

## PRAYER FOR RELIEF

Kontera denies that GE is entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

Kontera admits that GE demands a trial by jury on any and all issues triable of right before a jury.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, Kontera alleges the following. By listing a defense below, Kontera does not admit or acquiesce that Kontera has the burden of proof with regard to the defense.

### FIRST DEFENSE: NON-INFRINGEMENT

1.      Kontera has not and does not infringe, under any theory of infringement, any asserted claim of the '074 and/or '065 Patents.

### SECOND DEFENSE: INVALIDITY

2.      The asserted claims of the '074 and '065 Patents are invalid pursuant to one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

### THIRD DEFENSE: UNENFORCEABILITY DUE TO LACHES, WAIVER, ESTOPPEL, AND/OR ACQUIESCENCE

3.      Plaintiff's claims of infringement against Kontera regarding the '074 and '065 Patents are barred and the patents are unenforceable against Kontera due to the doctrines of laches, waiver, estoppel, and/or acquiescence.

### FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

4.      Plaintiff's enforcement of the '074 and '065 Patents is barred, in whole or in part, by the doctrine of prosecution history estoppel.

### FIFTH DEFENSE: FAILURE TO STATE A CLAIM

5.      Plaintiff's complaint fails to state a claim for which relief can be granted.

### SIXTH DEFENSE: LIMITATIONS ON RELIEF UNDER 35 U.S.C. §§ 286 and 287

6.      Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287.

### SEVENTH DEFENSE: NO IRREPARABLE HARM

7.      Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate and/or irreparable, and Plaintiff already has an adequate remedy at law.

### SEVENTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

8.      Plaintiff's enforcement of the '074 and/or '065 Patents is barred, in whole or in part, by the doctrine of prosecution history estoppel.

### PRAYER FOR RELIEF

WHEREFORE, Kontera prays that this Court:

A.      Fully and finally dismiss GE's Complaint against Kontera with prejudice;

B.      Order that GE take nothing from Kontera;

C.      Enter judgment that Kontera does not infringe the '074 Patent;

D.      Enter judgment that Kontera does not infringe the '065 Patent;

E.      Enter judgment that the '074 Patent is invalid and unenforceable against Kontera;

F.      Enter judgment that the '065 Patent is invalid and unenforceable against Kontera;

G.      Award Kontera costs, together with reasonable attorneys' fees, all other expenses

and costs, and prejudgment interest for this suit because this case is exceptional

under 35 U.S.C. §285; and

H.      Award Kontera such other relief as this Court may deem just and proper.

Dated: June 18, 2012

        */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Defendant*
*Kontera Technologies, Inc.*

*OF COUNSEL:*

Ariana Chung-Han
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000
achung@wsgr.com

James C. Yoon
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
jyoon@wsgr.com