IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KONTERA TECHNOLOGIES, INC., | : | C.A. No. 12-525-LPS |
| | : | |
| Defendant. | : | |
| | : | |
| GENERAL ELECTRIC COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 12-526-LPS |
| | : | |
| VIBRANT MEDIA, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is the issue of claim construction of various disputed terms of U.S. Patent Nos. 6,092,074 ("the '074 patent") and 6,581,065 ("the '065 patent"). Also pending are the parties' competing scheduling proposals for supplemental briefing in connection with the disputed means-plus-function claim terms. As set forth below, the Court will resolve the parties' scheduling disputes and construe the non-means-plus-function disputed claim terms.

1. Plaintiff General Electric Company ("GE") filed this patent infringement action against Vibrant Media, Inc. ("Vibrant") on April 27, 2012 alleging infringement of the '074 patent and the '065 patent. (C.A. No. 12-526 D.I. 1) On the same day, GE filed a patent infringement action against Kontera Technologies Inc. ("Kontera"), alleging infringement of the

1

same '074 and '065 patents. (C.A. No. 12-525 D.I. 1) The '074 patent is a continuation of the '065 patent, and both patents relate to automatic insertion of hypertext links in text articles.

2. The parties completed claim construction briefing on July 17, 2013. (C.A. No. 12-525-LPS D.I. 40, 42, 54, 49; C.A. No. 12-526-LPS D.I. 57, 58, 62, 63) The Court conducted a *Markman* hearing on August 2, 2013. (*See* D.I. 58) During the hearing, the parties agreed to meet and confer and to submit a proposal regarding supplemental briefing for the disputed means-plus-function claim terms. On August 26, 2013, the parties submitted their competing proposals.

3. Having considered the scheduling proposals,

IT IS HEREBY ORDERED that:

a. Each party shall file supplemental claim construction briefs to address the disputed means-plus function claim terms set forth in GE's August 7, 2013 means-plus-function chart. Specifically, the parties shall simultaneously submit their opening supplemental briefs on October 25, 2013. Openings briefs are limited to a maximum of fifteen (15) pages. The parties' responsive briefs shall be filed on November 8, 2013. The responsive briefs shall be limited to ten (10) pages.

b. In conjunction with addressing the disputed means-plus-function terms, the parties' briefs should address the relevance, if any, of the PTAB's decision to institute *inter partes* review of the asserted patents and GE's response (which is currently due on September 30, 2013).

c. A *Markman* hearing to further address the disputed means-plus-function claim terms will be held on November 26, 2013 at 3:00 PM. Each side will be allocated one (1)

hour for argument. At the same time, the Court will hear argument on the pending motions for a stay. (C.A. No. 12-525 D.I. 38; C.A. No. 12-526 D.I. 54)

4. The parties have not requested supplemental briefing relating to the disputed non-means-plus-function claim terms, and no such briefing is necessary. For these terms, the parties' dispute largely comes down to a single issue: whether the claims must be construed narrowly so as to correspond in scope to the embodiments described in the specifications of the asserted patents. As the Federal Circuit has explained, "[e]ven when the specification describes only a single embodiment, the claims of the patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope using words or expressions of manifest exclusion or restriction." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004) (internal quotation marks omitted), *aff'd*, 481 F.3d 1371 (Fed. Cir. 2007). Defendants have failed to persuade the Court that such "words or expressions of manifest exclusion or restriction" are present in the '074 and '065 patents.

5. Accordingly, after having considered the submissions of the parties and having heard oral argument, IT IS HEREBY ORDERED that the disputed claim terms of the '074 patent and the '065 patent shall be construed as follows:[1]

    a. **"Class Codes,"** which appears in claims 1 and 7 of the '074 patent and claims 4 and 25 of the '065 patent, is construed to mean "codes that can designate or identify a particular context or subject area, or control the number and type of a destination address."

---

[1] Where both the '074 and the '065 patents use identical words/phrases, those words/phrases will be construed consistently.

b. **"Major Class Codes,"** which appears in claims 3-5 and 9-11 of the '074 patent and claims 17 and 18 of the '065 patent, is construed to mean "class codes that can designate or identify a particular context or subject area."

c. **"Preferred Major Class Codes,"** which appears in claims 3-5 and 9-11 of the '074 patent and claims 17-19 and 38-40 of the '065 patent, is construed to mean "major class code that is desired so as to bypass matching linkable character strings with other major class codes."

d. **"Hit Count Data,"** which appears in claim 9 of the '074 patent and claims 20 and 41 of the '065 patent, is construed to mean "data representing the number of times a hypertext link or destination address associated with a linkable character string is activated."

e. **"Intermittent Maintenance Mode,"** which appears in claims 3-5 and 9-11 of the '074 patent and claims 17 and 18 of the '065 patent, is construed to mean "mode for communicating and updating data at fixed or varying intervals."[2]

f. **"Wherein the character strings have no associated hypertext link(s),"** which appears in claims 1 and 22 of the '065 patent, is construed to mean "wherein the character strings are not already assigned a hypertext link(s), or are not themselves a hypertext link(s), which can be automatically linked to a web site by software,

---

[2] The Court adopts GE's proposed construction. Defendants' proposal – "an operational state of a computer in which the state is switched to maintenance from another state periodically" – is unhelpful because it defines "maintenance mode" as a mode in which the system alternates between two other modes and is not consistent with the description in the specification.

such as email or a word processor."[3]

g. **"Primary Computer,"** which appears in claims 1-4 and 7-9 of the '074 patent and claims 1-5, 18, 22, and 23 of the '065 patent, does not require construction.

h. **"Central Computer,"** which appears in claims 5, 9, and 11 of the '074 patent and claims 12, 13, 19-21, 33, 34, and 40-42 of the '065 patent, does not require construction.

I. **"Associated with a / said Primary Computer,"** which appears in claims 1-4 and 7 of the '074 patent and claims 1-5, 18, 22, and 23 of the '065 patent, does not require construction.

j. **"Associated with a / said Central Computer,"** which appears in claim 9 of the '074 patent, does not require construction.

k. **"Associated With At Least One Of Said Destination Addresses,"** which appears in claims 1, 3, and 7 of the '074 patent and claims 1 and 22 of '065 patent, does not require construction.[4]

l. **"Which Are Associated With Said Plurality Of Linkable Character Strings / Matching Linkable Character String Has A Plurality Of Class Codes**

---

[3] *See, e.g.*, '074 patent at col. 15, ll. 43-44 ("[T]he article to be annotated 405 *may be a text file with no hyperlinks, or a file with conventional hyperlinks.*") (emphasis added).

[4] The Court does not agree with Vibrant that this term is indefinite. A claim is "sufficiently definite to inform the public of the bounds of the protected invention" unless the term is "insolubly ambiguous." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008). Vibrant has failed to establish "by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Id.* at 1249.

5

        **Associated Therewith**," which appear in claims 1 and 7 of the '074 patent and claims 4 and 25 of '065 patent, do not require construction.[5]

m.     **"Determining A Matching Linkable Character String For Said First Character String, If Present, In Said Annotation Database**," which appears in claim 22 of the '065 patent, does not require construction.

n.     **"Querying Said Destination Database To Obtain The Plurality Of Destination Addresses Corresponding To The Associated [] Class Codes**," which appears in claim 25 of the '065 patent, does not require construction.

o.     **"Providing . . . Anchor Code(s) Which Relate(s) Said Matching Linkable Character String To Said . . . Corresponding Destination Addresses To Provide A . . . Hypertext Link(s) For Said First Character String**," which appears in claims 24 and 25 of the '065 patent, does not require construction.

p.     **"Said Destination Database Comprises A Plurality Of Destination Addresses Corresponding To Said Plurality Of Class Codes Of The Matching Linkable Character String**," which appears in claims 1 and 7 of the '074 patent and claims 4 and 25 of the '065 patent, does not require construction.[6]

q.     **"Writing A Plurality Of Character Strings Into A Primary Computer File**," which appears in claim 26 of the '065 patent, does not require construction.

r.     **"Qualifying The Matching Linkable Character String . . . (Class Codes)**,"

---

[5]The Court does not find this term to be indefinite.

[6]Vibrant's proposed construction – "said destination database stores a destination address for each class code of the plurality of class codes of the matching linkable character string" – is confusing and unhelpful.

which appears in claim 9 of the '074 patent and claim 38 of the '065 patent, does not require construction.

6. Vibrant further proposes to narrow claim terms by requiring them to be performed by the primary computer, including: receiving, writing, updating, qualifying, maintaining, and transmitting. (*See* C.A. No. 12-526 D.I. 57 at 24) According to Vibrant, this limitation is appropriate "because the specification describes no embodiment in which the functions are not executed on the content server." (*Id.*) For the reasons provided above, this is not a proper basis on which the Court can narrow the claims. Accordingly, the Court rejects Vibrant's proposal.

September 3, 2013
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE